[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 12, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11914
Non-Argument Calendar
_____

D. C. Docket No. 05-20444-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK MADISON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 12, 2007)

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Mark Madison appeals the 168-month sentence imposed after he pled guilty to sex trafficking of children by force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a)(2), and conspiracy to transport a minor for purposes of prostitution, in violation of 18 U.S.C. § 2423(e). Madison asserts the district court erred by applying the cross-reference provision in U.S.S.G. § 2G1.3(c)(3), addressing prostitution of a minor, which caused it to use U.S.S.G. § 2A3.1, addressing criminal sexual abuse. The district court did not err in applying the cross-reference, and we affirm Madison's sentence.

## I. BACKGROUND

In April 2005, Chad Yearby, Madison's co-conspirator, traveled from Miami to Daytona Beach, Florida with Jane Doe #3, a prostitute working for Madison. In Daytona Beach, the group met Jane Doe #2, and they convinced her to return with them to Miami. During the trip to Miami, Jane Doe #3 asked Jane Doe #2 whether she liked making money, and told Jane Doe #2 she had traveled to Atlanta, Georgia, with Madison to work as a prostitute and make money. In Miami, Jane Doe #2 was introduced to Madison and began working for him as a prostitute. She informed him she was 16 years old. While in Madison's service, Jane Doe #2 walked the streets of Miami in search of customers and worked as an escort for arranged dates. All the money Jane Doe #2 received was transferred to Madison,

2

and, in exchange, Madison supplied her with lodging and money to have her hair and nails done.

Madison was physically abusive to Jane Doe #2. One confrontation occurred when Jane Doe #2 threatened to leave Madison to work for Yearby. Madison struck Jane Doe #2 in the face and beat her until Yearby restrained him. Jane Doe #2 left the hotel where they were staying, but Madison chased after her, attempting to hit her with a bottle and run her down with his car. Jane Doe #2 escaped, but Madison later reached her by telephone and convinced her to continue working for him.

The prostitution ring ended when law enforcement directed a cooperating informant to contact Justin Evans, another co-conspirator, requesting a date. Evans did not have a prostitute available so he contacted Madison, who transported Jane Doe #2 to the hotel room where the customer was waiting. The confidential informant accompanied Evans, Madison, and Jane Doe #2 to the hotel room and introduced them to the customer, who was an undercover police officer. Evans and Madison were then arrested.

Madison pled guilty to illegal conduct involving Jane Doe #2 and Jane Doe #3, who was also a minor. The PSI recommended applying the cross-reference in U.S.S.G. § 2G1.3(c)(3), and sentencing Madison under U.S.S.G. § 2A3.1 because

3

his conduct involved criminal sexual abuse or attempted criminal sexual abuse and the resulting offense level calculated under § 2A3.1 was higher than the calculation under § 2G1.3. Madison objected to the PSI, arguing the cross-reference did not apply to his conduct and his base offense level should be calculated under § 2G1.3 rather than § 2A3.1.[1] Madison renewed this objection at the sentencing hearing, contending the cross-reference applied only in cases of forcible rape, and he could find no authority invoking the provision to punish a defendant for using violence to keep a prostitute in his employ. The Government disagreed, arguing the cross-reference should apply to a situation in which the victim was forced by the defendant to have sex with a third person for money and the money was given to the defendant.

The district court overruled Madison's objection because his conduct involved "the forcing into commercial sex with violence." The court applied the cross-reference and calculated Madison's sentence under § 2A3.1, reasoning the dangerous nature of the crime required a harsher punishment than if violence was not involved, and because it was more dangerous than a crime involving commercial sex only. Madison's criminal history category was IV, and the district court calculated a total offense level of 32, resulting in a Guidelines range of 168 to

_____

[1] Madison, however, did not object to the facts in the PSI used as the basis for the cross-reference.

4

210 months. After considering the 18 U.S.C. § 3553(a) factors, the court imposed a sentence of 168 months' imprisonment, followed by 10 years of supervised release. Before the sentencing hearing concluded, Madison renewed his objection to the use of the cross-reference and the application of § 2A3.1. Madison now appeals his sentence.

## II. STANDARD OF REVIEW

We review the district court's interpretation of the Sentencing Guidelines *de novo*, while accepting the court's factual findings unless clearly erroneous. *United States v. Jordi*, 418 F.3d 1212, 1214 (11th Cir.), *cert. denied*, 126 S. Ct. 812 (2005). The district court's application of the cross-reference in § 2G1.3(c)(3) was based on an interpretation of law rather than a factual finding, and we review that decision *de novo*. *See id.*

## III. DISCUSSION

Madison contends the cross-reference applies when the crime involves coercion to perform a sex act, such as aggravated sexual abuse or forcible rape, but is not appropriate in this context, where the offensive conduct consisted of a pimp threatening a prostitute to coerce her into remaining in his employ. He asserts our precedent precludes imposing the cross-reference for his actions, relying on *United States v. Pipkins*, 378 F.3d 1281, 1299-1301 (11th Cir. 2004), *opinion reinstated*

5

*by,* 412 F.3d 1251 (11th Cir.), *cert.denied*, 126 S. Ct. 591 (2005). Madison's

argument relies on a prior version of U.S.S.G. § 2G1.3. Under the current version

of § 2G1.3(c)(3), Madison's conduct satisfies the cross-reference.

A. *Prior version of § 2G1.3*

We applied the prior version of § 2G1.3 to affirm the use of a cross-

reference in sentences against pimps who ran an organized prostitution operation

and used fear to force juveniles to engage in sexual acts. *Pipkins*, 378 F.3d at

1299-1301. Section 2G1.1, then the guideline for the crime of promoting

prostitution of minors, provided for an enhancement of four levels "[i]f the offense

involved (A) prostitution; and (B) the use of physical force, or coercion by threats

or drugs or in any manner." U.S.S.G. § 2G1.1(b)(1) (2001). As an alternative to

the option of an enhanced base offense level, the guideline also included a cross-

reference providing, "[i]f the offense involved criminal sexual abuse, attempted

criminal sexual abuse, or assault with intent to commit criminal sexual abuse,

apply § 2A3.1." *Id.* § 2G1.1(c)(2) (2001). The Guidelines used the terms

"criminal sexual abuse or attempt to commit criminal sexual abuse, as defined in

18 U.S.C. § 2241 or § 2242," and provided the cross-reference would apply where

"the victim was threatened or placed in fear other than fear of death, serious bodily

injury or kidnaping." *Id.* § 2G1.1 comment. (n.10) (2001).

6

On appeal, the *Pipkins* defendants argued the district court misinterpreted the Guidelines by applying the cross-reference in a situation where physical force was used during a prostitution offense. *Pipkins*, 378 F.3d at 1300. According to the *Pipkins* defendants, the cross-reference would always subsume the enhancement under the district court's reading, and, therefore, only the enhancement should apply in their case. *Id.* We held both the cross-reference and the enhancement applied to the conduct of the defendants and that "some overlap in the enhancement and cross-reference does not offend the Sentencing Guidelines or any other law." *Id.* at 1301. We noted the mandatory language contained in the cross-reference and concluded "when there is this overlap, the judge must apply the cross-reference," and concluded the district court did not err in applying the cross-reference. *Id.* Further, the opinion discussed examples of conduct in which the enhancement would apply, but the cross-reference would not. *Id.* at 1300-01. Of import to this case, we observed "a pimp's threatening a prostitute to coerce her to stay in his custody would . . . satisfy the enhancement (which requires prostitution plus coercion) but not the cross-reference (which requires coercion to perform a sex act)." *Id.*

B. *Current version of § 2G1.3*

The current form of § 2G1.3 was added in the 2004 edition of the Sentencing Guidelines. U.S.S.G. App. C, Amend. 664. In the 2004 edition of the Guidelines, the Sentencing Commission eliminated the enhancement provision for the combination of prostitution and physical force and clarified the conduct described in 18 U.S.C. § 2241 and § 2242 for purposes of the cross-reference. *See* U.S.S.G. § 2G1.3. The cross-reference within the current version of § 2G1.3 directs "[i]f the offense involved conduct described in 18 U.S.C. § 2241 or § 2242, apply § 2A3.1 (Criminal Sexual Abuse; Attempt to Commit Criminal Sexual Abuse), if the resulting offense level is greater than that determined [by application of § 2G1.3]." *Id.* § 2G1.3(c)(3). Conduct described by § 2241 includes "engaging in, or causing another person to engage in, a sexual act with another person . . . using force against the minor . . . ." *Id.* § 2G1.3, comment. (n. 5(B)(i)). Conduct described by § 2242 includes "engaging in, or causing another person to engage in, a sexual act with another person by threatening or placing the minor in fear (other than by threatening or placing the minor in fear that any person will be subject to death, serious bodily injury, or kidnapping . . .)." *Id.* § 2G1.3, comment. (n. 5(B)(iii)).

8

C. *Madison's conduct*

Madison was sentenced under the 2004 version of the Sentencing Guidelines, and the current version of § 2G1.3 applies to his case. The current version of § 2G1.3 does not include an enhancement, and it clarified the conduct for imposition of the cross-reference. Thus, our statement in *Pipkins* regarding a pimp's threatening a prostitute to coerce her to stay in his custody satisfying the enhancement, but not the cross-reference, is not applicable in this case.

Applying the current version of § 2G1.3(c)(3) to Madison's conduct, we conclude the district court did not err in applying the cross-reference. Madison used violence and fear to cause Jane Doe #2 to engage in a sexual act with another person, actions consistent with conduct described in 18 U.S.C. § 2241 and § 2242. After learning Jane Doe #2 was contemplating leaving him for another pimp, Madison beat her until he was restrained and later attempted to hit her with his car. Madison then reconciled with her over the telephone, and Jane Doe #2 resumed engaging in sexual acts for Madison's financial benefit. Madison contends his objective during the confrontation was to keep Jane Doe #2 in his employ rather than to compel her to engage in sexual acts. The evidence, however, shows Madison specifically employed her to perform sexual acts. Madison's use of violence and fear to coerce her to remain with him as his employee was

9

synonymous with coercing her to continue performing sexual services so he could recover the proceeds. Accordingly, we conclude the district court did not err by applying the cross-reference in U.S.S.G. § 2G1.3(c)(3) to calculate Madison's sentence in accordance with § 2A3.1, and affirm Madison's sentence.

**AFFIRMED.**